# Ferner *v.* Byers, Appellant.

*Will—Issue devisavit vel non—Undue influence—Evidence.*

On the trial of an issue devisavit vel non there was evidence that the will was dictated by testator to counsel, written out by the latter in testator's presence, read over to him and approved, no one else being present during this time, unless the person named as executor may have passed in and out of the room, but there was no testimony that he took any part in the matter. Testator did not sign it at once, but after dinner, at which nothing was said about the will, witnesses who had been sent for came in, and the will was signed in their presence. The principal beneficiary was not present, and was not shown to have had anything to do with the making of the will, or even any knowledge of its provisions. The testator lived two years and a half afterwards, driving about alone, and visiting his other relatives, with ample opportunity to alter his will if not satisfied with it. Testator lived with the beneficiary, and there were some meager allegations that the latter had kept other relatives away from testator, had endeavored to persuade him that an attempt had been made to poison him, and that he should have a revolver to protect himself from injury. *Held,* that the court committed no error in taking from the jury the question of undue influence.

Argued Oct. 16, 1907. Appeal, No. 147, Oct. T., 1907, by defendants, from judgment of C. P. Westmoreland Co., May T., 1907, No. 136, on verdict for plaintiff in case of C. R. Ferner, Executor of the last will and testament of Jacob Byers, deceased, v. W. R. Byers et al. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Issue devisavit vel non. Before Doty, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in taking from the jury the question of undue influence.

*Edward E. Robbins*, with him *Paul H. Gaither, Charles E. Whitten* and *John E. Kunkle*, for appellants.

*James S. Moorhead*, with him *James S. Beacom, C. E. Heller* and *Robert W. Smith*, for appellee.

Per Curiam, November 4, 1907 :

The will was dictated by the testator to counsel, written out by the latter in testator's presence, read over to him and approved, no one else being present during this time, unless the person named as executor may have passed in and out of the room, as to which there was some difference of recollection between the witnesses, but no testimony that he took any part or made any comment in the matter. The parties then went to dinner where other members of the family were present, but nothing was said about the will. After dinner the witnesses who had been sent for came in, and the will was signed by the testator in their presence. This is the practically undisputed testimony on the subject.

The principal beneficiary was not present, and was not shown to have had anything to do with the making of the will or even any knowledge of its provisions.

The testator lived two years and a half after the signing of his will, driving about alone and visiting his other relatives, with ample opportunity to alter his will if not satisfied with it.

A case thus affirmatively made out would require a very strong array of conflicting evidence to justify a jury in disregarding it. Instead of such evidence, however, there were only a few meager allegations that the beneficiary with whom the testator lived had kept the other relatives away from him, had endeavored to persuade him that an attempt had been made to poison him, and that he should have a revolver to protect himself from injury. Of these matters the learned judge said in his charge " admitting all these facts and fair inferences from the facts, we are persuaded that there is no evidence to establish that the will was procured by undue influence ; there is no evidence of any fraud at any time or force of any kind ; there is no evidence of constraint. " He therefore took the question of undue influence from the jury, and was fully justified in so doing.

Judgment affirmed.